**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY JONES, | No. 18-55664 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-07846-CJC-AS |
| v. | |
| XAVIER BECERRA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 6, 2020[**]
San Francisco, California

Before: SCHROEDER, CANBY, and TROTT, Circuit Judges.

Mary Jones appeals pro se the district court's sua sponte dismissal pursuant to 28 U.S.C. §1915(e)(2) of her action challenging the constitutionality of two California civil anti-harassment statutes, Cal. Civ. Proc. Code §§ 527.6 and 527.8, that allow private parties to obtain restraining orders against other private parties.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo. We reverse and remand for further proceedings.

The district court erred in dismissing Jones's second amended complaint on the ground that defendant Xavier Becerra, Attorney General of California, is protected by Eleventh Amendment immunity. Invoking *Ex parte Young*, 209 U.S. 123 (1908), Jones sought to bring suit seeking declaratory and injunctive relief against Becerra in his official capacity for his potential violation of federal law. *See Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018) (under *Ex parte Young*, a court may enjoin enforcement of state statutes that violate the Constitution or other federal laws), *cert. denied*, 139 S. Ct. 2615 (2019); *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (Eleventh Amendment "does not bar actions for declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law"). Although Jones sued Becerra in his "individual capacity," the second amended complaint must be liberally construed as suing Becerra in his official capacity. *See Watison v. Carter*, 668 F.3d at 1108, 1112 (9th Cir. 2012) (pro se complaints are liberally construed). As Becerra candidly explains in his answering brief, pursuant to *Ex parte Young*, he may have a sufficiently direct connection to the enforcement of any restraining order against Jones. *See Coalition*, 674 F.3d at 1134 (state official being sued must have some connection with the enforcement of the challenged law). We therefore reverse the district

2

court's judgment and remand for further proceedings.

We decline to address Becerra's argument for the first time on appeal that Jones never achieved service of process sufficient to subject Becerra to the jurisdiction of the court. *See Tauscher v. Phoenix Bd. of Realtors, Inc.*, 931 F.3d 959, 966 (9th Cir. 2019) (vacating and remanding to allow district court to address issue it did not previously consider).

Jones's objection to Becerra's motion for reconsideration (Docket Entry No. 14) is construed as a motion for reconsideration of this court's order of December 4, 2018, allowing Becerra to file an answering brief. So construed, the motion is denied. Becerra's motion for judicial notice is denied (Docket Entry No. 21).

**REVERSED and REMANDED.**